FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 10:09 am, Sep 22, 2020

# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| ALBERT LAFARGA CRUZ, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: 5:19-cv-85 |
| | * | |
| v. | * | |
| | * | |
| TRACY JOHNS, | * | |
| | * | |
| Respondent. | * | |

## O R D E R

After an independent and de novo review of the entire record, the Court concurs with the Magistrate Judge's Report and Recommendation. Dkt. No. 15. Respondent filed an Appeal of and Objections to this Report and Recommendation, although these filings appear to be identical to each other. Dkt. Nos. 17, 18.[1] Thus, the Court's citations to these filings shall be limited to Respondent's Objections, dkt. no. 18.

## DISCUSSION

The Magistrate Judge recommended the Court grant in part and deny in part Respondent's Motion to Dismiss. Dkt. No. 15. The Magistrate Judge determined Respondent failed to address Petitioner Albert Cruz's ("Cruz") argument, clarified in his

---

[1]  Indeed, both filings are entitled "Objections." Dkt. Nos. 17, 18.

AO 72A
(Rev. 8/82)

response to the Motion to Dismiss, that the disciplinary hearing officer ("DHO") at D. Ray James Correctional Institution did not have the authority to impose sanctions against Cruz because the DHO is not "staff" of the Bureau of Prisons ("BOP"), as that term is defined by Regulations.  Id. at p. 3.  The Magistrate Judge offered no opinion as to the relative merit of Cruz's argument but stated the Court could not "decide the issue based on the record before it."  Id. at pp. 5-6.  Thus, the Magistrate Judge recommended this Court deny this portion of Respondent's Motion to Dismiss.  Id. at p. 6.  However, the Magistrate Judge recommended the Court grant the remaining portions of the Motion.  Id. at pp. 6-10.  In addition, the Magistrate Judge recommended the Court deny Cruz's equal protection claim.  Id. at pp. 10-11.

Respondent objects to the Magistrate Judge's "suggestion" that he "may have violated either federal regulations or [Cruz']s due process rights."  Dkt. No. 18, p. 1.  Respondent objects to the Report and Recommendation on three bases.  First, Respondent contends the only issue before the Court is whether the disciplinary process comported with due process, which the Magistrate Judge found it did.  Id. at p. 5.  Second, Respondent states this Court has "routinely upheld" the BOP's implementation of federal regulations regarding the use of non-BOP employees.  Id.  Third, Respondent asserts, even if the BOP

AO 72A
(Rev. 8/82)

violated its own regulations, any such violation does not state a due process violation.  Id.  The Court addresses Respondent's Objections in turn.

The Magistrate Judge did not determine or suggest Respondent may have violated Petitioner's due process rights or federal regulations by having a non-BOP staff member impose sanctions.  Instead, the Magistrate Judge determined Respondent had not answered Cruz's argument in this regard, and thus, the Magistrate Judge could not determine if the imposition of disciplinary sanctions in this case was proper under the Regulations.  Dkt. No. 15, pp. 4-6.  Respondent asserts that whether due process requirements were met is the "scope of this Court's role[,]" dkt. no. 18, p. 7.  The Court disagrees. Determining whether due process requirements were met as a result of the disciplinary hearing procedure is undoubtedly a role of the Court.  However, based on Cruz's submissions, this was not the Court's only role.  Indeed, Cruz questioned whether the DHO had the authority to impose sanctions against him since the DHO was not BOP "staff," as the Regulations define.  The Magistrate Judge noted "staff" is defined as "any employee of the [BOP] or Federal Prisons, Industries, Inc."  Dkt. No. 15, p. 4.  In addition, the Magistrate Judge contrasted "staff" with the definition of "inmate" under the Regulations, which includes "all person in the custody of the Federal [BOP] or Bureau

3

contract facilities." Id. at n.2.  Indeed, Cruz's position may force this Court to "wade into [the] murky debate[]" involving the "elusive" "scope" of the Accardi doctrine. Benavides v. Gartland, 5:20-cv-46, 2020 WL 3839938, at *10, 11 (S.D. Ga. July 8, 2020) (citing United States ex rel. Accardi v. Shaughenessy, 347 U.S. 260 (1954), and its progeny).  However, without this issue being fully briefed—as the Magistrate Judge explained—the Court will not further address Cruz's assertion at this time. See Dkt. No. 1, p. 17 (Cruz citing Accardi in support of his argument the BOP did not follow Regulations).

Respondent also asserts this Court and the Eleventh Circuit Court of Appeals have upheld the BOP's implementation of its Regulations on previous occasions.  Dkt. No. 18, pp. 9-10. Respondent states a contract DHO can only recommend the loss of good conduct time, and the decision remains a recommendation until a BOP staff member reviews and certifies the recommendation. Id. at p. 9.  However, it is not clear that the DHO did not actually impose the sanctions upon Cruz and the BOP provided nothing more than a pro forma approval of this imposition. See Dkt. No. 1-1, p. 9 (stating several times that DHO Perry, the contract DHO, "imposed" the disciplinary sanctions but that "any loss of Good Conduct Time may change after BOP review[]"); Dkt. No. 7-1, p. 15 (approving "recommended" sanctions).  Respondent notes Cruz's contention

4

that the DHO imposed sanctions is "factually inaccurate, since only the BOP can adjust a prisoner's sentence." Dkt. No. 18, p. 10. Again, this simply is not clear based on the record before the Court.

And while this Court has concluded in the past the actions of non-staff DHOs and the BOP were proper as to disciplinary proceedings, Cruz presents a slightly different and more clearly defined argument in this regard. In addition, Cruz opposed Respondent's Motion to Dismiss and specifically noted Respondent did not address his "staff" argument. Dkt. No. 14. Further, simply because the Court made a determination in a prior case does not prevent it from considering each individual case and the arguments presented in each case. Moreover, Respondent does not address the Magistrate Judge's concerns regarding the imposition of sanctions by non-BOP staff, as expressed by his citations to cases wherein courts reviewed the seeming imposition of sanctions by non-BOP staff. Dkt. No. 15, p. 5.

Finally, Respondent notes, even if the Court determines the BOP's disciplinary procedure at D. Ray James is a violation of its own regulations, such a violation does not present a due process claim and does not provide a basis for habeas relief. Dkt. No. 18, p. 11. In support of this assertion, Respondent cites cases in which judges determined a violation of BOP policy is not a constitutional violation and does not create a habeas

5

corpus claim.  Id. at pp. 11-12.  Cruz, however, raises questions of whether the BOP violated federal Regulations and whether non-BOP staff imposed sanctions against him.  These questions implicate the Accardi doctrine and are not necessarily limited to a due process claim.  Without the full briefing on this issue, the Court cannot determine these questions at this time.  This is not to say Cruz's assertions are meritorious, only that the Court cannot decide the issue at this time.

CONCLUSION

Accordingly, the Court **OVERRULES** Respondent's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court.  The Court **GRANTS in part** and **DENIES in part** Respondent's Motion to Dismiss and **DENIES** Cruz's equal protection claim.  The Court **DIRECTS** Respondent to file an Answer to address the remaining portion of Cruz's § 2241 Petition within 21 days of this Order.  Cruz shall have a period of 21 days to file any desired response to this Answer.

SO ORDERED, this ___21___ day of ___September___, 2020.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)